**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT GOFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 09-CV-0203-CVE-TLW |
| | ) |
| DELAWARE COUNTY BOARD OF | ) |
| COUNTY COMMISSIONERS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant, Board of County Commissioners of Delaware County's,

Motion to Dismiss and Brief in Support (Dkt. # 11).  Defendant Delaware County Board of County

Commissioners (the Board) asserts that plaintiff's claim under the Americans with Disabilities Act,

42 U.S.C. § 12101 et seq. (ADA) should be dismissed, because it is not his employer and plaintiff

has not exhausted his administrative remedies against this defendant.

**I.**

Plaintiff alleges that he was employed by "Delaware County," and he suffered an on-the-job

injury in February 2005.   He took a leave of absence from work from November 2005 to April

2007.[1]  Dkt. # 2-3, at 1.  He states that he had wrist surgery in November 2005, March 2006, and

January 2007, and this has resulted in a permanent work restriction imposed by his physician

preventing him from lifting more than 15 pounds.  Id. at 2.  On April 6, 2007, plaintiff told his

employer that he had been cleared to return work with a permanent lifting instruction.  Id.  He claims

---

[1]      From documents submitted to the Equal Employment Opportunity Commission (EEOC),
         plaintiff states that he was hired as a truck driver by "Delaware County" in October 1998.
         Dkt. # 17, Ex. H, at 2.

that his employer refused to allow him to return to work or transfer him to another position to accommodate his lifting restriction.  Plaintiff's alleges that his employer fired him on April 18, 2007.

On January 30, 2008, plaintiff sent a letter to the EEOC stating that he intended to file an ADA claim against his employer, "Delaware County, Oklahoma C/o [sic] Board of County Commissioners . . . ."  Dkt. # 17, Ex. F.  The EEOC sent notice to Joe Ivey, the human resources director of Delaware County, that it had received an unperfected charge of discrimination from plaintiff alleging an ADA claim.  Id., Ex. G.  On February 27, 2008, plaintiff filed a general intake questionnaire alleging an ADA claim against "Delaware County (solid waste)."  Id., Ex. H, at 2. However, in an ADA disability questionnaire, plaintiff identified his employer simply as "Delaware County" and stated that he was a truck driver for the "solid waste" department.  Id. at 8.  On March 21, 2008, plaintiff signed a perfected charge of discrimination prepared by the Oklahoma Human Rights Commission (OHRC) alleging that "Delaware County Solid Waste" engaged in disability discrimination by terminating his employment and failing to offer him an accommodation.[2]  Dkt. # 18, Ex. 1.  Plaintiff states that he believed he was an employee of "Delaware County" at all times during his employment, and he was not aware that the OHRC changed the name of his employer from "Delaware County" to "Delaware County Solid Waste."

---

[2]     The EEOC referred to plaintiff's initial charge as "unperfected," because plaintiff's initial complaint was in letter form.  Plaintiff subsequently completed a questionnaire and signed a formal charge.

On September 16, 2008, plaintiff filed this case against the Board seeking back pay, damages for emotional distress, and reinstatement to his former employment.[3]  Plaintiff alleges that he filed a "timely charge of discrimination with the [OHRC] and the [EEOC], alleging disability discrimination under Title I of the ADA by the defendant.  Plaintiff has fulfilled all conditions precedent to the filing of this action, and this action is timely filed."  Dkt. # 2-3, at 1.  The Board filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) asserting that is was not plaintiff's employer.  Dkt. # 11.  It argues that  the Delaware County Solid Waste Trust Authority (Solid Waste Trust Authority), a separate entity under Oklahoma law, was plaintiff's employer, and the Board can not be considered plaintiff's employer for the purpose of an ADA claim.

## II.

The exhaustion of administrative remedies is a jurisdictional prerequisite under the ADA, and the defendant's motion to dismiss should be treated as a 12(b)(1) motion.  See Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1317 (10th Cir. 2005); Woodman v. Runyon, 132 F.3d 1330, 1342 (10th Cir. 1997).  When considering a motion to dismiss under Rule 12(b)(1), the Court must determine whether the defendant is facially attacking the complaint or challenging the jurisdictional facts alleged by the plaintiff.  In Holt v. United States, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms.  First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

---

[3]   Plaintiff filed the case in the District Court of Tulsa County, Oklahoma, and defendant removed the case to this Court on April 13, 2009.  Dkt. # 2, at 1.

3

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . .  In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Id. at 1002-03.  Defendant relies on evidence outside of the pleadings, and the Court will construe its motion as a factual attack on the jurisdictional facts alleged by plaintiff.  When ruling on a factual attack to the complaint, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion into a motion for summary judgment.  Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting Holt, 46 F.3d at 1003); see also Davis ex rel. Davis v. United States, 343 F.3d 1282, 1295-96 (10th Cir. 2003) (district court had authority to review evidence outside the pleadings on issue of exhaustion of administrative remedies without converting the defendant's motion to dismiss into a motion for summary judgment).  To defeat the defendant's Rule 12(b)(1) motion, a "plaintiff must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence."  Southway v. Central Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003).

## III.

Defendant raises two arguments in its motion to dismiss.  First, the Board argues that it was not plaintiff's employer and cannot be held liable to plaintiff under the ADA.  Second, the Board argues that plaintiff did not exhaust his administrative remedies as to the Board, and his case should be dismissed without prejudice.  Plaintiff responds that he has alleged the Board is his employer, and this is sufficient to survive a motion to dismiss.  Dkt. # 17, at 1.  He also argues that the Board and

Solid Waste Trust Authority may be joint employers under the ADA, and the Court should defer a ruling on this issue until he is permitted to conduct discovery. Id. at 3.

Defendant's first argument is that the Board is not plaintiff's employer under the ADA, and it should be dismissed as an improperly named party.[4] Defendant cites Bristol v. Board of County Commissioners of the County of Clear Creek, 312 F.3d 1213 (10th Cir. 2002), for the proposition that a county board is a legally separate entity from other county entities. In Bristol, the plaintiff, Gary Bristol, was formerly employed by the Clear Creek County Sheriff and alleged that his employer failed to accommodate his disability. Id. at 1215. Bristol sued the sheriff's office and the board of county commissioners, and sought backpay, reinstatement, and other relief. Id. at 1216. The case proceeded to trial, and the board of county commissioners requested judgment as a matter of law on the basis that it was not Bristol's employer. The district court found that both defendants were considered Bristol's employer under the ADA, and allowed Bristol's claim against the board of county commissioners to go to the jury. Id. Bristol prevailed on his ADA claim, and the board of county commissioners appealed the verdict to the Tenth Circuit Court of Appeals. A split panel of the Tenth Circuit affirmed, but the entire Tenth Circuit agreed to hear the case en banc. The Tenth Circuit applied the joint employer and single employer tests to determine if the board could be treated as Bristol's employer under the ADA. Id. at 1219-21. Relying on the evidence presented

---

[4]    Plaintiff argues that he alleges in his petition that the Board was his employer, and this allegation is sufficient to survive a motion to dismiss under Rule 12(b)(6) on the basis that he has not sued his actual employer. Dkt. # 17, at 1. However, defendant's motion challenges the Court's subject matter jurisdiction and the Court can consider evidence outside the pleadings without converting defendant's motion into a motion for summary judgment. The Court also notes that the identity of plaintiff's employer involves legal, as well as factual, issues, and his mere statement that the Board was his employer is not unassailable on a motion to dismiss. Plaintiff's assertion that the Board is his employer does not bar defendant from filing a motion to dismiss.

at trial, the Tenth Circuit found that the board of county commissioners was not Bristol's employer

under either the joint employer or single employer tests.  Plaintiff failed to produce any evidence

that the board of county commissioners exercised any control over his employment, and the Tenth

Circuit remanded the case with instructions to dismiss the board of county commissioners as a party.

Id. at 1221.

However, Bristol is procedurally distinguishable from this case, and defendant has not shown

that it should be dismissed as a party based solely on the pleadings.  Plaintiff is correct that

determination of the identity of his employer involves fact issues that cannot be resolved on a

motion to dismiss.  The Court cannot simply accept defendant's statement that the Board and the

Solid Waste Trust Authority are separate entities and further infer based on the pleadings that the

Board had no control over plaintiff's employment.  In fact, plaintiff has presented evidence that

"Delaware County" was his employer, see dkt. # 17, Exs. A, B, and there is a fact issue that the

parties should be permitted to explore in discovery concerning the identity of plaintiff's employer.

Defendant  may rely on Bristol in a motion for summary judgment, but Bristol highlights the fact-

intensive nature of the application of the joint employer or single employer tests.  See Bristol, 312

F.3d at 1221 ("As a general rule, 'determining whether an entity qualifies as an employer is a fact

issue for the jury.").  Although defendant has cited Oklahoma law showing that a board of county

commissioners may be separate from other county entities, there are many cases in which the board

of county commissioners is the appropriate defendant in an employment discrimination suit.  To

determine the identity of plaintiff's employer, the Court will need to determine the relationship

between the Board and the Solid Waste Trust Authority, and this decision must be based on

evidence, rather than the competing assertions of the parties.  Defendant's motion to dismiss based

on plaintiff's misidentification of his employer is denied, but defendant may reurge this argument

at the summary judgment stage.[5]

Defendant also argues that plaintiff has not exhausted his administrative remedies for his

ADA claim as to the Board.  To proceed against a party with a ADA claim, the plaintiff must name

the defendant as his employer in an EEOC charge.[6]  Knowlton v. Teltrust Phones, Inc., 189 F.3d

1177, 1185 (10th Cir. 1999).  The Tenth Circuit has recognized two narrow exceptions to this rule

in situations when "the defendant was informally referred to in the body of the charge or where there

is sufficient identity of interest between the respondent and the defendant to satisfy the intention of

---

[5]     Plaintiff's response implies that he did not know that there was an entity known as the Delaware County Solid Waste Trust Authority, and his lack of knowledge is sufficient to show that the Board is the proper defendant.  While dismissal of the Board is not appropriate based only on the pleadings, plaintiff's confusion about the identity of his employer will not be sufficient to survive a motion for summary judgment if the Board produces evidence showing that the Solid Waste Trust Authority was actually plaintiff's employer.

[6]     Plaintiff asserts that his disability discrimination claim falls under Title II of the ADA, and he is not required to exhaust his administrative remedies before proceedings to court under Title II.  This contradicts plaintiff's clear statement in his complaint that he is pursuing a claim under Title I of the ADA.  See Dkt. # 2-3, at 1.  In any event, it is not clear that Title II actually allows an employment discrimination claim against a public entity.  See Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 360 n.1 (2001) (declining to decide whether Title II allows claims for money damages for employment discrimination against public employers); Brown v. City of Los Angeles, 521 F.3d 1238 (9th Cir. 2008) (holding that employment discrimination claims against public employers are available only under Title I of the ADA); Carmona-Rivera v. Puerto Rico, 464 F.3d 14 (1st Cir. 2006) ("The law in this circuit remains unclear as to whether Title II of the ADA even applies to claims of employment discrimination.").  There is also a circuit split as to whether Title II requires exhaustion of administrative remedies.  See Staats v. County of Sawyer, 220 F.3d 511, 518 (7th Cir. 2000); Zimmerman v. Oregon Dep't of Justice, 170 F.3d 1169, 1178 (9th Cir. 1999).  The Court does not need to resolve this issue because, as will be discussed infra, the Court finds that the Board received sufficient notice of the administrative proceedings.  Because neither party has provided sufficient briefing to resolve plaintiff's assertion that he is proceeding under Title II of the ADA, the Court will assume for the purpose of this motion that plaintiff has filed an disability discrimination claim under Title I of the ADA.

[the ADA] that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." Romero v. Union Pac. R.R., 615 F.2d 1303 (10th Cir. 1980). In Romero, the Tenth Circuit stated four factors that should be considered when a plaintiff attempts to bring an employment discrimination claim against a defendant not named in the plaintiff's EEOC charge:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interest of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 1312 (quoting Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)). When considering whether the plaintiff's EEOC charge adequately names a party, the Court must keep in mind that "complaints to the EEOC must be liberally construed in order to accomplish the purposes of the [ADA], since such complaints are written by laymen not versed either in the technicalities of pleading or jurisdictional requirements of the [ADA]." Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc., 702 F.2d 857, 860 (10th Cir. 1983).

In this case, plaintiff's EEOC filings were sufficient to put the Board on notice that he intended to bring an ADA claim against it and to allow the Board to participate in the EEOC proceedings. Plaintiff has submitted evidence showing that he notified the EEOC that "Delaware County" was his employer, and the EEOC initially notified the human resources director of Delaware County, Ivey, of plaintiff's claim. The EEOC sent a copy of plaintiff's right to sue letter to Ivey and this could reasonably give the Board notice of plaintiff's ADA claim. While the perfected charge does identify "Delaware County Solid Waste" as plaintiff's employer, there is

sufficient evidence showing that the Board had notice of plaintiff's claim and could have participated in the EEOC proceedings.  Plaintiff has also submitted a W-2 and a separation notice listing "Delaware County" as his employer, as well as a joint petition submitted to the Oklahoma Workers' Compensation Court  in 2005 identifying plaintiff's former employer as "Delaware County."  Dkt. # 17, Exs. A, B, I.  Plaintiff also states that he identified three members of the Board as his supervisors in his general intake questionnaire.  Id., Ex. H, at 2.

It appears that plaintiff attempted to name "Delaware County" as his employer in the EEOC proceedings, and it is reasonable to assume that he intended to proceed with an ADA claim against the Board.  Even if the Court were to find that the Board was not directly named as a party in the EEOC charge, application of the Romero factors would not require dismissal of the Board as a party.  Plaintiff believed that "Delaware County," acting through the Board, was his employer and he attempted to name "Delaware County" as his employer in his general intake questionnaire.  The interests of the Board and the Solid Waste Trust Authority are closely aligned, and plaintiff alleges that the members of the Solid Waste Trust Authority and the Board are identical.  Dkt. # 17, at 3.  Although the Board claims that it was prejudiced by not being permitted to participate in the EEOC proceedings, it has not identified any specific prejudice and it appears that the Solid Waste Trust Authority could adequately protect the Board's interests.  As to the final Romero factor, plaintiff has produced documents showing that he reasonably believed that "Delaware County," rather than the Solid Waste Trust Authority, was his employer, and this suffices for a representation by the Board that it was his employer.  Although there was some confusion about the identity of plaintiff's employer in the EEOC proceedings, the Board had sufficient notice of plaintiff's claims that it could

have participated, and plaintiff's claims should not be dismissed for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that Defendant, Board of County Commissioners of Delaware County's, Motion to Dismiss and Brief in Support (Dkt. # 11) is **denied**.

**IT IS FURTHER ORDERED** that the parties shall submit a joint status report no later than **August 28, 2009**.

**DATED** this 18th day of August, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT